THIS was an action of assumpsit, brought by the administrator of Thomas Jameson, deceased, to recover from Young, upon a promise and undertaking alleged to have been made by him to the intestate in his lifetime.
On the trial of the general issue, a verdict was found for Young, and judgment thereupon rendered in bar of the administrator’s action, and that Young recover of him his costs in his defence expended, &c. And at the same term at which the judgment was rendered, on the motion of Young, the court made an order setting off the judgment for costs against so much óf a different judgment recovered at the same term against him by the administrator.
To reverse the judgment rendered against the administrator for costs, and to set aside the order direct, ing that judgment to be set off against the judgment recovered by the administrator against Young, this writ of error has been nrosecuted.
That it was irregular to render judgment against the administrator for costs, is perfectly clear. The. *388 action was brought by the administrator in his fiduciary character, upon a promise alleged to have been made by Young to the intestate; and in such a case, the law is well settled, by a train of adjudications in England, that costs are not recoverable from an executor or administrator. ' In this country, we have no statute giving costs against plaintiffs, more extensive in their provisions than those of England, under which the adjudications to which we allude took place. In tact, the statute of this country, (1 Dig. Stat. 343.) in speaking of the right of defendants to recover costs, expressly provides, “that nothing therein contained shall be construed to extend to executorsoradministrators,in such cases where by law they are not liable to the payment of costs of suitand as, at the passage of that Statute, executors and, administrators were not liable for costs, on failing to succeed in actions brought in their fiduciary character, upon contracts alleged to have'been made with the testator or intestate, the provision cited from the statute of this country must be understood to preserve them, in such actions, from all liability for costs. !
The judgment for costs must, therefore, be reversed with costs; and the order setting off that judgment, must, consequently, be set aside and held for nought.